IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARON SMITH, individually, and as representative of the Estates of LUTHER OLIVER and NELLIE MACKEY OLIVER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>　　　　Defendant. | Civil Action No. 3:17-CV-_____ |

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Defendant United States Department of Health and Human Services, Centers for Medicare & Medicaid Services[1] hereby timely files this Notice of Removal of the entire above-entitled cause, now pending as Cause No. DC-17-07506 in the 95th Judicial District Court of Dallas County, Texas, from the state court in which it was originally filed to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. This Removal is proper under 28 U.S.C. § 1442(a), *et seq*.

---

[1] The Secretary for the United States Department of Health and Human Services (HHS) has delegated the authority to administer the Medicare program to the Centers for Medicare and Medicaid Services (CMS). CMS is authorized to provide for the administration of the Medicare program through contract "fiscal intermediaries" (Medicare Part A) and "contract carriers" (Medicare Part B). *See* 42 U.S.C. §§ 1395h & 1395u; 42 C.F.R. § 421.5; 28 U.S.C. § 1442(a)(1).

Defendant's Notice of Removal of Civil Action – Page 1

**I.**

Plaintiff Sharon Smith, individually and on behalf of the estates of Luther Oliver (Mr. Oliver) and Nellie Mackey Oliver (Mrs. Oliver), filed an underlying personal injury lawsuit against Able Gomez related to Plaintiff's injuries and the deaths of Mr. and Mrs. Oliver as a result of an auto collision. HHS/CMS paid certain expenses for the injuries sustained by Mr. and Mrs. Oliver. The parties settled the underlying lawsuit, and $50,000 was placed in the registry of the State court for the benefit of Plaintiff, individually and as representative of Mr. and Mrs. Oliver's estates, Plaintiff's attorney, and HHS / CMS.

According to Plaintiff's petition, HHS/CMC demanded payment from Plaintiff for services provided to Mr. and Mrs. Oliver. However, the monies placed in the registry of the Court have not been disbursed, and Plaintiff has not paid amounts owed to HHS/CMC. Notwithstanding the parties' settlement of their claims in the underlying lawsuit, Plaintiff seeks a declaratory judgment, asking the Court to determine the amounts due to Plaintiff, pursuant to her alleged damages under the Texas Wrongful Death Statute and the Texas Survival Statute in the underlying lawsuit, and the amounts due to Plaintiff's attorney and HHS/CMC.

**II.   BASIS FOR REMOVAL**

Removal of this action is proper. *See* 28 U.S.C. §§ 1442(a)(1) and 1446. A civil action commenced in State court that is against the United States or an agency of the United States that is related to the collection of revenue may be removed to the district court of the United States for the district and division embracing the place wherein it is

pending.  28 U.S.C. §§ 1442(a), 1442(a)(1).  Further, a federal agency can unilaterally remove a matter under 28 U.S.C § 1442 without the consent of other parties where the interests of the United States and its agencies are involved.  28 U.S.C. § 1442(a).

This action is a civil action which involves the interests of the United States and its agency, United States Department of Health and Human Services.  Plaintiff filed suit against HHS for a determination of the amounts to which Plaintiff and the estates of Mr. and Mrs. Oliver, Plaintiff's attorney, and HHS / CMS are entitled and for an order for proportionate distribution of those sums, currently in the registry of the State Court.

### III.   STATE COURT PLEADINGS

A true and correct copy of all pleadings, process, orders and other filings in the state-court are attached to this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81.1.  (Exhibit 1).

### IV.   VENUE

Venue is proper in this district under 28 U.S.C. § 1442(a) because the state court where the suit has been pending is located in this district.

### V.

Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### VI.   CONCLUSION

For the foregoing reasons, the United States of America seeks to remove the above-captioned action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1442(a).  The instant action is properly removed to the

United States District Court for the Northern District of Texas because HHS/CMC is entitled to recover settlement proceeds and funds, which are the subject of this action.

WHEREFORE, the United States District Court has jurisdiction over the matter and the removal is properly perfected. Cause number DC-17-07507 in the 95th Judicial District Court of Dallas County, Texas, entitled SHARON SMITH, individually, and as representative of the Estates of LUTHER OLIVER and NELLIE MACKEY OLIVER, which is presently pending should **BE DEEMED REMOVED** to the United States District Court for the Northern District of Texas with this Notice of Removal.

Dated: July 21, 2017

        Respectfully Submitted,

        JOHN R. PARKER
        UNITED STATES ATTORNEY

        *s/ Mary M. (Marti) Cherry*
        Mary M. (Marti) Cherry
        Assistant United States Attorney
        Texas State Bar No. 24055299
        1100 Commerce Street
        Third Floor
        Dallas, TX  75242
        Telephone:   214-659-7600
        Facsimile:   214-659-8807
        E-mail:  mary.cherry@usdoj.gov

        *Attorney for Defendants*

OF COUNSEL:
Jesse H. Goines
Assistant Regional Counsel
DHHS – Office of the General Counsel
Dallas, Texas

## CERTIFICATE OF SERVICE

    I hereby certify that on July 21, 2017, a true copy of the foregoing "Notice of Removal" with all attachments, was served on the Honorable was submitted via the electronic case filing system with the Clerk of the U.S. District Court, Northern District of Texas and served upon all opposing parties, or their attorneys of record, by electronic delivery on this date.

                                        *s/ Mary M. (Marti) Cherry*
                                        Mary M. (Marti) Cherry
                                        Assistant United States Attorney