# *Attachment 1*

## Case Information

DC-17-07506 | SHARON SMITH, vs. US DEPT OF HEALTH AND HUMAN SERVICES,

| Case Number | Court | File Date |
| --- | --- | --- |
| DC-17-07506 | 95th District Court | 06/23/2017 |

| Case Type | Case Status | |
| --- | --- | --- |
| OTHER (CIVIL) | OPEN | |

## Party

**PLAINTIFF**
SMITH,, SHARON

Address
4221 VILLAGE GREEN
IRVING TX 75206

Active Attorneys
Lead Attorney
SHIVER, FREDERICK H
Retained

Work Phone
214-890-1000

Fax Phone
214-890-1010

---

**DEFENDANT**
US DEPT OF HEALTH AND HUMAN SERVICES,

Address
UNITED STATES ATTORNEY JOHN R PARKER
1100 COMMERCE STREET 3RD FLOOR
DALLAS TX 75202

# Events and Hearings

06/23/2017 NEW CASE FILED (OCA) - CIVIL

06/23/2017 ORIGINAL PETITION

Pet-Dec Jdmt-Apptn and Distrbte Regsty-6-20-17.pdf

06/23/2017 ISSUE CITATION

ISSUE CITATION

06/28/2017 CITATION

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
07/06/2017
Comment
CERT MAIL 9214 8901 0661 5400 0108 7677 40/TJ.

06/30/2017 NOTE - ADMINISTRATOR

Comment
Set for initial dismissal (service/default): August 17, 2017. Notice faxed to counsel.

07/06/2017 RETURN OF SERVICE

US DEPT OF HEALT & HUMAN

Comment
CIT EXEC 7/3/17 CERT MAIL

08/17/2017 DISMISSAL FOR WANT OF PROSECUTION

Judicial Officer
MOLBERG, KEN

Hearing Time
9:00 AM

## Financial

SMITH,, SHARON

| | | |
|---|---|---|
| Total Financial Assessment | | $389.00 |
| Total Payments and Credits | | $389.00 |

| | | | | |
|---|---|---|---|---|
| 6/26/2017 | Transaction Assessment | | | $389.00 |
| 6/26/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 39981-2017-DCLK | SMITH,, SHARON | ($389.00) |

## Documents

Pet-Dec Jdmt-Apptn and Distrbte Regsty-6-20-17.pdf

ISSUE CITATION

US DEPT OF HEALT & HUMAN

# *Attachment 2*

Case 3:17-cv-01947-C   Document 2-1   Filed 07/21/17   Page 6 of 30   PageID 17

FILED
DALLAS COUNTY
6/23/2017 12:06 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

DC-17-07506

NO. _____

| | | |
|---|---|---|
| SHARON SMITH, | § | IN THE DISTRICT COURT OF |
| As Representative of the Estates of | § | |
| LUTHER OLIVER, Deceased, and | § | |
| NELLIE MACKEY OLIVER, Deceased, | § | |
| and Individually | § | |
| Petitioner, | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| United States Department of | § | |
| Health and Human Services, | § | |
| Centers for Medicare & Medicaid Services | § | |
| | § | |
| | § | D-95TH |
| Respondent | § | _____ JUDICIAL DISTRICT |

---

**PETITION FOR DECLARATORY JUDGMENT
TO APPORTION MONIES IN REGISTRY OF THE COURT
AND THEREAFTER ORDER DISTRIBUTION OF SUMS IN REGISTRY OF THE COURT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHARON SMITH, AS REPRESENTATIVE OF THE ESTATES OF LUTHER OLIVER, DECEASED, AND NELLIE MACKEY OLIVER, DECEASED, AND INDIVIDUALLY, Petitioner, and files this PETITION FOR DECLARATORY JUDGMENT TO APPORTION MONIES IN REGISTRY OF THE COURT AND THEREAFTER ORDER DISTRIBUTION OF SUMS IN REGISTRY OF THE COURT, and would show the Court as follows:

**DISCLOSURE - CASE SUBJECT TO TRANSFER**

Pursuant to Local Rules 1.07 and 1.08, Local Rules of The Civil Courts of Dallas County, Texas Petitioner discloses that this case is related to the following styled and numbered case in that it arises out of the same transaction or occurrence:

SHARON SMITH, As Representative of the Estates of
LUTHER OLIVER, and
NELLIE MACKEY OLIVER, Deceased,
and Individually
vs.
ABEL GOMEZ

In the District Court of Dallas County, Texas
193rd Judicial District
Cause #: 11-00394

## 1.00   **PARTIES**

1.01   Petitioner, Sharon Smith, Texas driver's license number xxxxx488, Social Security number xxx-xx-2694, is a resident of Irving, Dallas County, Texas.

1.02   Petitioner, Sharon Smith, is also the duly appointed representative of the Estates fo Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased.

1.03   Respondent, <u>United States Department of Health and Human Services</u>, <u>Centers for Medicare & Medicaid Services</u>, is a United States government special-purpose authority and may be served with process by serving John R. Parker, the United States Attorney for the Northern District of Texas, Attention Civil Process Clerk, 1100 Commerce Street, 3rd Floor, Dallas, Texas 75242-1699.  Service shall be accomplished by Certified Mail, return receipt requested, being issued through the Dallas County District Clerk's office as authorized by law.

1.04   Simultaneously, Respondent United States Department of Health and Human Services, Centers for Medicare & Medicaid Services, will be provided with a copy of the Summons and this Petition, by sending the same to the Regional Administrator United States Department of Health and Human Services, Centers for Medicare & Medicaid Services, Attention Deputy Regional Administrator, Lisa McAdams, M.D.,  1301 Young Street, Suite 714, Dallas, Texas 75202. Notice shall be accomplished by Certified Mail,

return receipt requested, provided by the undersigned counsel for Petitioner, as provided by Rule 4, Federal Rules of Civil Procedure.

### 2.00   JURISDICTION AND VENUE

2.01   The matter at issue involves funds previously deposited in the Registry of the Court on or about September 30, 2011 in Cause No. 11-0394, in the 193rd Judicial District Court of Dallas County, Texas, and thus is within the jurisdictional limits of, and venue is proper in, this Court.

### 3.00   STATEMENT OF FACTS

3.01   SHARON SMITH, AS REPRESENTATIVE OF THE ESTATES OF LUTHER OLIVER, DECEASED, AND NELLIE MACKEY OLIVER, DECEASED, AND INDIVIDUALLY, hereinafter called "Petitioner," and ABEL GOMEZ, "Defendant" in the underlying case, entered into a Compromise Settlement Agreement that provided in part for the deposit of Fifty Thousand Dollars ($50,000) ". . . into the Registry of the 193rd Judicial District Court, Dallas County, Texas, for the use and benefit of Sharon Smith, As Representative of the Estates of Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased, and Sharon Smith Individually, their attorney Frederick H. Shiver, Attorney at Law, P.C.," and  the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services (hereinafter sometimes referred to as "Luther," "Nellie," "Smith," "Shiver," and "Medicare.")

3.02   Prior to their deaths as a result of the collision forming the basis of the underlying cause of action, both Luther and Nellie incurred certain medical expenses for their medical care and hospitalization as a result of the collision. The United States Department of Health and Human Services, Centers for Medicare & Medicaid Services (hereinafter "Medicare") paid for part of those expenses and for which Medicare

presumptively claims a subrogation interest.

3.03   Petitioner requested Final Demand from Medicare on Nellie, by letter dated 12.14.11, subsequent to the MSPRC Conditional Pay Letter dated 10.14.11, advising Medicare that:

3.03.01   "This is not a plain vanilla Request for Final Demand where a single Medicare Beneficiary is the sole recipient of a settlement:

"(i)   This is a companion file to Medicare recipient, Luther L. Oliver, Dec'd, Claim #: 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-A;

"(ii)   a Request for Final Demand is simultaneously being submitted for the second Medicare recipient, Luther L. Oliver;

"(iii)   Both Luther and Nellie were injured, received medical care and ultimately died as a result of this collision

"(iv)   Additionally, one non-Medicare recipient, Sharon Smith, was injured, received medical care but survived the collision; and

"(v)   all of these claims must share a single settlement for the $50,000 insurance policy limits available from the Defendant that caused the collision, injuries and death.

"Attached please find:

"•   The Attorney-Client contract between the undersigned and SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased, and (iii) Individually **reflecting an attorney fee of 33 1/3 %**; (7 pp)

"•   The Compromise Settlement Agreement signed by SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased, and (iii) Individually . . .please note that the $50,000 proceeds have not been distributed to Sharon Smith but rather, pursuant to the terms of paragraph D (a), have been tendered into the Registry of the 193rd Judicial District Court of Dallas County, Texas **to be divided and distributed between the three parties at the discretion of the court**. (8 pp)

"•   The Expense Statement reflecting procurement expenses to be paid by the Estates of Luther Oliver, Nellie Oliver and Sharon Smith Individually, that reflects **money advanced for expenses of $889.02**. (1 pg)"

3.04   Medicare responded with a letter dated 1.11.12 containing a Final Demand

stating:

    3.04.01      the Final demand was  $10,197.32; and

    3.04.02      "Interest charges that apply if you do not repay Medicare within sixty

(60) days from the date of this letter. . . "

    3.05   Petitioner responded by letter dated 3.7.12 advising:

    3.05.01      "Please accept this letter as a **Request for Abatement of Interest**

because the settlement funds have not been distributed, but rather are still deposited in the

Registry of the 193rd Judicial District Court of Dallas County, Texas as I previously advised

you in my letter dated 12.14.11:

> •      "The Compromise Settlement Agreement signed by SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased and (iii) Individually . . .please note that the $50,000 proceeds have not been distributed to Sharon Smith but rather, pursuant to the terms of paragraph D (a), have been tendered into the Registry of the 193rd Judicial District Court of Dallas County, Texas **to be divided and distributed between the three parties at the discretion of the court**. (8 pp)"

    3.05.02      "You will recall that there is a companion case described below,

wherein MSPRC - MGHP has failed to provide a **Final Demand** . . . it is difficult to go

forward without your cooperation . . . thus the reason for the failure to request distribution

of funds up to this time:

    re:      Luther L. Oliver, Dec'd
           Claim #:      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-A
           D/A:          12.17.2010
           DOD:         12.22.2010
           Executor:     Sharon Lanell Oliver Smith
           Attorney:     Frederick H. Shiver

    3.05.03      "I trust that this information is sufficient to allow you to honor this

Request for Abatement of Interest, scheduled to begin 60 days after the Final Demand

dated 1.11.12. Should you need additional information please contact the undersigned at the phone number or facsimile number reflected on this letterhead."

3.06    Medicare never responded to the Request for Abatement of Interest and never requested additional information on Nellie.

3.07    Petitioner requested Final Demand from Medicare on Luther, by letter dated 12.14.11, subsequent to the MSPRC Conditional Pay Letter dated 10.14.11, advising Medicare that:

3.07.01        "This is not a plain vanilla Request for Final Demand where a single Medicare Beneficiary is the sole recipient of a settlement:

"(i)    This is a companion file to Medicare recipient, Nellie M. Oliver, Dec'd, Claim #: 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-A;
"(ii)   a Request for Final Demand is simultaneously being submitted for the second Medicare recipient, Nellie M. Oliver;
"(iii)  Both Luther and Nellie were injured, received medical care and ultimately died as a result of this collision
"(iv)   Additionally, one non-Medicare recipient, Sharon Smith, was injured, received medical care but survived the collision; and
"(v)    all of these claims must share a single settlement for the $50,000 insurance policy limits available from the Defendant that caused the collision, injuries and death.

"Attached please find:

"•      The Attorney-Client contract between the undersigned and SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased, and (iii) Individually **reflecting an attorney fee of 33 1/3 %**;

"•      The Compromise Settlement Agreement signed by SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased, and (iii) Individually . . .please note that the $50,000 proceeds have not been distributed to Sharon Smith but rather, pursuant to the terms of paragraph D (a), have been tendered into the Registry of the 193rd Judicial District Court of Dallas County, Texas **to be divided and distributed between the three parties at the discretion of the court**.

"•    The Expense Statement reflecting procurement expenses to be paid by the Estates of Luther Oliver, Nellie Oliver and Sharon Smith Individually, that reflects **money advanced for expenses of $889.02**.

3.08    Medicare responded with a letter dated 1.4.12 stating:

3.08.01    "In order for us to continue processing this case, the following information is needed:

☑    Settlement Amount
☑    Amount for Attorney fees
☑    Itemized listing of the case expenses

3.09    Petitioner responded by letter dated 2.10.12 advising:

3.09.01    "**All of this requested information was contained in my previous letter dated 12.14.11 and supporting documents were attached. I am attaching a copy of that letter dated 12.14.11, along with the supporting documents, with this letter.**"

3.09.02    "This is not a plain vanilla Request for Final Demand where a single Medicare Beneficiary is the sole recipient of a settlement:

"(i)    This is a companion file to Medicare recipient, Nellie M. Oliver, Dec'd, Claim #: 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-A;
"(ii)    a Request for Final Demand is simultaneously being submitted for the second Medicare recipient, Nellie M. Oliver;
"(iii)    Both Luther and Nellie were injured, received medical care and ultimately died as a result of this collision
"(iv)    Additionally, one non-Medicare recipient, Sharon Smith, was injured, received medical care but survived the collision; and
"(v)    all of these claims must share a single settlement for the $50,000 insurance policy limits available from the Defendant that caused the collision, injuries and death."

3.09.03    "On 12.14.11 I submitted a similar request with regard to NELLIE M. OLIVER, DEC'D, and by letter dated 1.11.12 MSPRC responded favorably and established a sixty (60) deadline for that payment. As I advised MSPRC in my 12.14.11 letter:

"The Compromise Settlement Agreement signed by SHARON SMITH, As Representative of the Estates of (i) LUTHER OLIVER, Deceased, and (ii) NELLIE MACKEY OLIVER, Deceased, and (iii) Individually . . .please note that the $50,000 proceeds have not been distributed to Sharon Smith but rather, pursuant to the

terms of paragraph D (a), have been tendered into the Registry of the 193rd Judicial District Court of Dallas County, Texas **to be divided and distributed between the three parties at the discretion of the court**. (8 pp)"

3.09.04        "Translated, the settlement funds for both claims are combined  (i) in the Registry of the Court, (ii) controlled by the Court and are not likely to be released separately. Providing a Final Demand in one file with a 60 days deadline and concomitantly failing to provide a Final Demand in the companion file puts Sharon Smith, As Representative of the Estates of Luther and Nellie, with an impossible conundrum: she cannot comply with the 60 day deadline in one file until MSPRC provides a Final Demand in both files."

3.09.05        "If you will expedite the Request for Final Demand in this file, we will attempt to meet the 3.11.12 sixty (60) day deadline in Nellie's case established by the 1.11.12 MSPRC letter."

3.09.06        "If you cannot expedite this request, would you consider issuing a revised Final Demand *sue sponte* so that Sharon Smith has the opportunity to comply with the deadline(s)."

3.09.07        "I trust that this information is sufficient to allow you to issue a Final Demand and revise the Final Demand in the companion death case of NELLIE M. OLIVER, DEC'D. Should you need additional information please contact the undersigned at the phone number or facsimile number reflected on this letterhead."

3.10    Seventeen (17) months later, on July 10, 2013, Medicare issued a Final Demand letter for the entire amount that Medicare had paid for Luther's medical expenses, $17, 854.75.

3.10.01        Medicare requested payment within sixty(60) days, and advised that

interest charges would apply if repayment to Medicare is not made within sixty (60) days.

3.11    By letter dated July 18, 2013 Petitioner advised Medicare that Petitioner wished to appeal this determination, with an explanation of why Petitioner believed the amount Medicare claimed as owing from Luther's estate was incorrect.

3.12    On September 29, 2013 Medicare "modified" their amount due to be $11,274.20 principal and $190.26 interest through September 25, 2013.

3.13    By letter dated December 16, 2013 addressed to Maximus Federal Services, Petitioner submitted her REQUEST FOR RECONSIDERATION OF 9.29.13 DECISION &/OR REQUEST FOR COMPROMISE BY CMS STAFF UNDER FEDERAL CLAIMS COLLECTION ACT containing, in part, the following request:

  i.  "The facts dictating a significant reduction in the demanded amount under existing law are straightforward and been repeated in correspondence *ad infinitum*:

  ii.  "this is not a plain vanilla case where a single Medicare Beneficiary is the sole recipient of a settlement;

  iii.  "this is a companion file to Medicare recipient, Nellie M. Oliver, Dec'd, Claim # 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-A, who was injured in, and died as a result of, the same car crash;

  iv.  "Additionally, one non-Medicare recipient, Sharon Smith, was injured, received medical care, and simultaneously witnessed the injury and death of both of her parents;

  v.  "All three (3) of these claims must share a single settlement for the $25,000 per person / $50,000 aggregate insurance policy limits; and

  vi.  ". . . the $50,000 proceeds have not been distributed to Sharon Smith but rather, pursuant to the terms of (the Settlement Agreement) have been tendered into the Registry of the 193rd Judicial District Court of Dallas County, Texas **to be divided and distributed between the three parties at the discretion of the court."**

  vii.  ". .. it is anticipated that MSPRC - NGHP appreciated the gravity of the injuries and claims and would reduce it's claims for reimbursement for

the Estate of Luther L. Oliver, Dec'd and the Estate of Nellie M. Oliver, Dec'd accordingly

3.13.01    "If the Qualified Independent Contractor (Maximus) can not compromise the Final Demand, **then request is made that this file be forwarded to the appropriate CMS Staff at the Regional Office level for Compromise . . ."**

3.14    By letter opinion dated May 28, 2014, MAXIMUS Federal Services, on behalf of Medicare, denied the Appeal without addressing Petitioners' request that the file be forwarded to the appropriate CMS staff at the Regional Office level for Compromise.

3.15    On July 29, 2014 Petitioner appealed the MAXIMUS Federal Services Decision, on behalf of Medicare, of 5.28.14 and requested an Administrative Law Judge Hearing.

3.16    On December 10, 2014, the Administrative Law Judge made a decision as follows:

3.16.01    "The QIC's findings for lack of jurisdiction to grant L. Oliver's . . . request to compromise is Affirmed and **the case is Remanded to the QIC for referral to CMS for determination of the Appellant's compromise request**." (emphasis supplied).

3.17    By letter dated March 18, 2015 Medicare demanded payment from Luther's estate of $13,176.79, ignoring the Administrative Law Judge's direction for ". . . referral to CMS for determination of the Appellant's compromise request."

3.18    Neither Luther's estate nor Nellie's estate has recovered any money as of this time, because the entire gross settlement of Fifty Thousand dollars, to be divided among Luther's estate, Nellie's estate, Smith for her Wrongful Death damages related to Luther's death, Smith for her Wrongful Death damages related to Nellie's death, Shiver for his attorney's fees, and Medicare's for it's right of reimbursement, has been deposited into the Registry of the Court.

3.19    Medicare's Conditional Pay Letters do not accurately reflect (i) the Survival damages for Luther's Estate' settlement with Defendant, nor (ii) the Survival damages for Nellie's Estate' settlement with Defendant, nor (iii) the sums due Medicare under the applicable law.

3.20    Prior to the filing of the underlying lawsuit SHARON SMITH, AS REPRESENTATIVE OF THE ESTATES OF LUTHER OLIVER, DECEASED, AND NELLIE MACKEY OLIVER, DECEASED, AND INDIVIDUALLY, entered into a contract with Frederick H. Shiver, Attorney at Law, P.C. that provided for payment of a contingent fee plus expenses for representation in the underlying cause of action against Able Gomez that necessarily has let to administrative attempts to compromise of the Medicare claims emanating from care provided to Luther and Nellie, and subsequently this Declaratory Judgment Action.

4.00    **MOTION FOR DECLARATORY JUDGMENT**

4.01    Therefore, Petitioner requests that the Court determine, pursuant to the Uniform Declaratory Judgments Act, Ch 37 Texas Civil Practice & Remedies Code, after notice and hearing, the proper amounts due Sharon Smith as Representative of the Estates of Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased, under the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code §71.021; the proper amounts due Sharon Smith Individually under the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §71.001 for the deaths of Luther Oliver and Nellie Mackey Oliver; the proper amounts due Sharon Smith Individually for her injuries; the proper amount due their attorney Frederick H. Shiver, Attorney at Law, P.C.(i) under his contract with Sharon Smith Individually and as representative of the Estates of Luther and Nellie in their lawsuit against Able Gomez and (ii) as a reduction of Medicare's claim for attorney fees and expenses; and determination

of the proper compromised amount due Medicare.

4.02    Petitioner would show that the sums deposited into the Registry of the 193rd Judicial District Court are not sufficient to fully compensate those injured as a result of the underlying collision, or their estates, nor pay attorney's fees and costs, and pay Medicare the full amount of its claims.

4.03    The underlying action was brought pursuant to § 71.021 et. seq. of the Civ. Prac. and Rem. Code of the State of Texas, commonly known as the Survivorship Statute.

4.04    The underlying action was also brought pursuant to § 71.001 et. seq. fo the Civ. Prac. and Rem. Code of the State of Texas, commonly known as the Wrongful Death Statute.

4.05    **Survival Damages - Luther Oliver**

4.05.01        In the collision Luther Oliver was thrown about violently against the interior of the automobile he was a passenger in, causing him to sustain serious and painful bodily injuries, the exact nature and extent of which will be plead in greater detail in the future; that said injuries were accompanied by great physical pain and mental anguish, and said conditions continued until they ultimately caused his death on December 22, 2010.

4.05.02        Petitioner, would further show that by reason of Luther Oliver's injuries, it was reasonably necessary for him to have hospital care, rehabilitation care, x-rays, prescription drugs, and the services of physicians and therapists for the care and treatment of his injuries.   These services were reasonably necessary, and the charges made therefore  represent the fair and reasonable as well as the usual and customary charges for like and similar services at the time and place received.

4.05.03        Thus Petitioner, Sharon Smith, as Representative of the Estate of

Luther Oliver, Deceased, sought all damages recoverable pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code §71.021 et seq, in a sum exceeding the minimum jurisdictional limits of the Court, including:

(i)     the physical pain experienced by Luther Oliver prior to his death;

(ii)    the mental anguish and suffering experienced by Luther Oliver prior to his death;

(iii)   the medical care and services to Luther Oliver; and

(iii)   the funeral and burial expenses associated with Luther Oliver's death.

### 4.06   Survival Damages - Nellie Mackey  Oliver

4.06.01        In the collision Nellie Mackey Oliver was thrown about violently against the interior of the automobile she was a passenger in, causing her to sustain serious and painful bodily injuries, the exact nature and extent of which will be plead in greater detail in the future; that said injuries were accompanied by great physical pain and mental anguish, and said conditions continued until they ultimately resulted in her death on December 19, 2010.

4.06.02        Petitioner would further show that by reason of Nellie Mackey Oliver's injuries, it was reasonably necessary for her to have hospital care, rehabilitation care, x-rays, prescription drugs, and the services of physicians and therapists for the care and treatment of her injuries.  These services were reasonably necessary, and the charges made therefore  represent the fair and reasonable as well as the usual and customary charges for like and similar services at the time and place received.

4.06.03        Thus Petitioner, Sharon Smith, as Representative of the Estate of Nellie Mackey Oliver, Deceased, sought all damages recoverable pursuant to the Texas

Survival Statute, Tex. Civ. Prac. & Rem. Code §71.021 et seq, in a sum exceeding the minimum jurisdictional limits of the Court, including:

(i)     the physical pain experienced by Nellie Mackey Oliver prior to her death;

(ii)    the mental anguish and suffering experienced by Nellie Mackey Oliver prior to her death;

(iii)   the medical care and services to Nellie Mackey Oliver; and

(iii)   the funeral and burial expenses associated with Nellie Mackey Oliver's death.

**4.07   Wrongful Death Damages - Loss of Companionship and Society   - Luther Oliver**

4.07.01        As a result of the death of her father, Luther Oliver, Sharon Smith sought all damages recoverable pursuant to the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §71.001 et seq, including:

(i)     Past loss of consortium in the form of loss of love, affection, companionship and society that she has suffered in the past, which means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sharon would have received, in reasonable probability, from her father had he lived.

(ii)    Future loss of consortium in the form of loss of love, affection, companionship and society that she will, in all reasonable probability, suffer in the future, which means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sharon would have received, in reasonable probability, from her father had he lived.

**4.08   Wrongful Death Damages - Loss of Companionship and Society - Nellie Mackey Oliver**

4.08.01      As a result of the death of her mother, Nellie Mackey Oliver, Sharon Smith sought all damages recoverable pursuant to the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §71.001 et seq, including:

(i)      Past loss of consortium in the form of loss of love, affection, companionship and society that she has suffered in the past, which means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sharon would have received, in reasonable probability, from her mother had she lived.

(ii)     Future loss of consortium in the form of loss of love, affection, companionship and society that she will, in all reasonable probability, suffer in the future, which means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Sharon would have received, in reasonable probability, from her mother had she lived.

### 4.09   Wrongful Death Damages - Mental Anguish - Luther Oliver

4.09.01      As a result of the death of her father, Luther Oliver, Sharon Smith sought all damages recoverable pursuant to the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §71.001 et seq, all in a sum exceeding the minimal jurisdictional limits of the court, including:

(i)      Past mental anguish, which means the emotional pain, torment and suffering that Sharon has suffered because of the death of her father.

(ii)     Future mental anguish, which means the emotional pain, torment and suffering that Sharon will, in all reasonable probability, suffer in the future because of the death of her father.

4.10   **Wrongful Death Damages - Mental Anguish - Nellie Mackey Oliver**

4.10.01        As a result of the death of her mother, Nellie Mackey Oliver, Sharon Smith seeks all damages recoverable pursuant to the Texas Wrongful Death Statute, Tex. Civ. Prac. & Rem. Code §71.001 et seq,  all in a sum exceeding the minimal jurisdictional limits of the court, including:

(i)     Past mental anguish, which means the emotional pain, torment and suffering that Sharon has suffered because of the death of her father.

(ii)    Future mental anguish, which means the emotional pain, torment and suffering that Sharon will, in all reasonable probability, suffer in the future because of the death of her father.

**V.**

**5.00   PRAYER FOR RELIEF**

5.01   WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that Respondent, the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services, be cited to appear and answer herein; and that upon final determination the Court grant Petitioner's Declaratory Judgment action, and that Judgment be entered for:

5.01.01        Petitioner Sharon Smith as Representative of the Estates of Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased, under the Texas Survival Statute, for damages as plead hereinabove;

5.01.02        Petitioner Sharon Smith under the Texas Wrongful Death Statue for Loss of Companionship and Society, past and future, of both Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased, as plead

above;

5.01.03     Petitioner Sharon Smith under the Texas Wrongful Death Statue for Mental Anguish, past and future, for Loss of Companionship and Society of both Luther Oliver, Deceased, and Nellie Mackey Oliver, Deceased, as plead above;

5.01.04     Respondent, the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services for a compromised sum of those amounts claimed by CMS for Luther's and Nellie's medical care, as plead above;

5.01.05     Frederick H. Shiver, Attorney at Law, P.C., for the amount due for attorney's fees and expenses (i) under his contract with Sharon Smith Individually and as representative of the Estates of Luther and Nellie and (ii) as a reduction of Medicare's claim;

5.01.06     An Order reflecting such rulings and distribution of the sums in the Registry of the Court; and

5.01.07     Petitioner for such other and further relief, both general and special, at law or in equity, to which Petitioner may show herself to be  justly entitled.

DATED THIS 20th  day of June, 2017.

Respectfully submitted,

Frederick H. Shiver
State Bar No: 18279500
**FREDERICK H. SHIVER, P.C.**
12225 Greenville Ave., Suite 750
Dallas, Texas 75243
Phone:        (214) 890-1000
Fax:           (214) 890-1010
fshiver@curtis-lawgroup.com

ATTORNEY FOR PETITIONER

*Attachment 3*

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To: UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
CENTERS FOR MEDICARE & MEDICAID SERVICES
BY SERVING UNITED STATES ATTORNEY JOHN R PARKER
1100 COMMERCE STREET 3RD FLOOR
DALLAS TX 75242-1699

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHARON SMITH, AS REPRESENTATIVE OF THE ESTATES OF LUTHER OLIVER, DECEASED, AND NELLIE MACKEY OLIVER, DECEASED, AND INDIVIDUALLY**

Filed in said Court **23rd day of June, 2017** against

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES**

For Suit, said suit being numbered **DC-17-07506**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas _____, Deputy

By _____
        TERESA JONES

---

## CITATION

DC-17-07506

SHARON SMITH,
vs.
US DEPT OF HEALTH AND HUMAN SERVICES,

ISSUED THIS
**28th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  TERESA JONES, Deputy

**Attorney for Plaintiff**
FREDERICK H SHIVER
FREDERICK H SHIVER PC
12225 GREENVILLE AVE
SUITE 750
DALLAS TX 75243
214-890-1000

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

**OFFICER'S RETURN**

Case No. : DC-17-07506

Court No.95th District Court

Style: SHARON SMITH,

vs.

US DEPT OF HEALTH AND HUMAN SERVICES,

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. on the _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____

20_____, _____, by CERT MAIL to the within named _____ day of _____

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED US CERTIFIED MAIL RETURN RECEIPT REQUEST. The

distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $ _____ | | |
| For mileage | $ _____ | of _____ | County, _____ |
| For Notary | $ _____ | By _____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

91bf86a65994b3ee 7677 90

*Attachment 4*

## OFFICER'S RETURN

Case No. : DC-17-07506

Court No.95th District Court

Style: SHARON SMITH,

vs.

US DEPT OF HEALTH AND HUMAN SERVICES,

Came to hand on the ___28___ day of ___June___, 20 _17_, at ___10___ o'clock ___a___ .M. on the

within the County of ___Dallas___ at ___12:35___ o'clock ___P___ .M. Executed at ___1100 Commerce___,

20 _17_, ____ by CERT MAIL to the within named _United States Department of Health and Human Services_

_by serving United States Attorney John Parker via United States certified mail return_

_receipt received and attached hereto and signed by Alphonso Noulin_.

FILED

17 JUL -6 PM 3: 35

FELICIA PITRE
DISTRICT CLERK
DALLAS COUNTY TEXAS

By _____ Deputy

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, WAS MAILED US CERTIFIED MAIL RETURN RECEIPT REQUEST.  The

distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|                     |        |
|---------------------|--------|
| For serving Citation | $ 76  |
| For mileage         | $      |
| For Notary          | $      |

Signed by Alphonso Noulin

of _____ County,

By _____

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____
Notary Public                    County

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

9214 8901 0661 5400 0108 7677 90

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
CENTERS FOR MEDICARE & MEDICAID SERVICES
BY SERVING UNITED STATES ATTORNEY JOHN R PARKER
1100 COMMERCE STREET 3RD FLOOR
DALLAS TX 75242-1699

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHARON SMITH, AS REPRESENTATIVE OF THE ESTATES OF LUTHER OLIVER, DECEASED, AND NELLIE MACKEY OLIVER, DECEASED, AND INDIVIDUALLY**

Filed in said Court **23rd day of June, 2017** against

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES**

For Suit, said suit being numbered **DC-17-07506**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
TERESA JONES

---

CERT MAIL

## CITATION

DC-17-07506

SHARON SMITH,
vs.
US DEPT OF HEALTH AND HUMAN SERVICES,

ISSUED THIS
**28th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: TERESA JONES, Deputy

**Attorney for Plaintiff**
FREDERICK H SHIVER
FREDERICK H SHIVER PC
12225 GREENVILLE AVE
SUITE 750
DALLAS TX 75243
214-890-1000

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

**UNITED STATES**
**POSTAL SERVICE.**

Date: July 3, 2017

MAIL MAIL:

The following is in response to your July 3, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000108767740. The delivery record shows that this item was delivered on July 3, 2017 at 12:33 pm in DALLAS, TX  75242. The scanned image of the recipient information is provided below.

Signature of Recipient :     

Address of Recipient :     

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000108767740
DC17-07506/TJ
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTER OF MEDICARE & MEDICAID SERVICES
By Serving United States Attorney John R Parker
1100 Commerce St Ste 3
Dallas, TX  75242-1074